v. Dozier. Mr. Byrne. Good to see you again, Mr. Byrne. Good to see you again, Your Honor. Good morning and may it please the Court. My name is Jonathan Byrne. I'm here on behalf of Deshawn Dozier. The issue in this case is whether West Virginia's attempt statute is divisible such that a court reviewing a case, a prior conviction under it, can refer to the Shepard-approved documents to determine what that case actually is. In this case, Mr. Dozier's conviction is for an attempt. Well, actually, the real issue is not only what you say, but it's the ultimate issue is whether the defendant was correctly sentenced as a career offender, right? I think that's true, Your Honor. So whether or not the attempt statute is divisible is part of the analysis, but it's not just positive, one might suggest. It could be, depending on what came after that fact, Your Honor, certainly. So it could be indivisible, and yet the sentence is exactly the right sentence, or at least the sentence consistent with law. It could be a situation where the sentence could have been imposed had he not been classified as a career offender. It would have been a... No, he could still be a career offender even if the attempt statute is indivisible. But go ahead with your argument. I didn't mean to distract you. That's all right, Your Honor. I'm here to answer questions. But no, I think the issue is that the statute is not divisible, and therefore you're left with the plain language of the statute, which covers any person who attempts to commit an offense, and that is not further defined by the statute. So it covers a broad range of conduct that includes things that would be crimes of violence, things that would be controlled substance offenses. How would any attempt conviction be counted then as what? A misdemeanor? I'm sorry, Your Honor? What would it be counted as for sentencing? Could it be counted for anything? I think it would be counted under the regular criminal history calculation. But as far as no matter what the underlying offense was in the attempt could never be used for anything other than seeing it as the minimal type offense under an attempt statute, a misdemeanor type? No, Your Honor. I think the court can look at the actual sentence that was imposed, and in this case, there was never any objection that this was not a felony. The statute provides for a one to three year term, so for a felony. But what if you didn't know? What if there was, say we dispute, Your Honor, he's guilty of attempt, or she's guilty of attempt, but that can't be counted toward any type of calculation for a career offender or anything, because doesn't that attempt statute generally say guilty of a misdemeanor or felony? Doesn't it say that? It provides separate time. So then it would just be counted under your approach if you can't look beyond the actual statute itself, the attempt statute, that would always just count as a misdemeanor conviction.  But what else would you do if it was in dispute? Could you look at anything else? You could, I think you could look at the fact of the conviction, you could look at the judgment, which would have the sentence imposed, and in my experience, I can't think of a situation So you could look at the judgment, see it was more than a year, and then count that as a felony? Yes, Your Honor, I think you could do that, and I think that's the situation that some courts out west in the 9th Circuit Is the judgment an element of the crime? No, Your Honor, it's not, and the sentence is not an element of the crime, which is why So what would you do under your approach then? All you had was a conviction under the attempt statute, then you look at that as a sentencing court. What could you use that for in any kind of calculations? For an earlier felony? For, what could you use it for? Well, Your Honor, the typical criminal history calculations based on the sentence actually imposed as opposed to, you know, the potential maximum sentence, so I think that You could look at that sentence imposed to decide it was a felony? That would be some kind of document you could look at under a categorical approach? I think that would, in terms of other sentencing purposes, the other calculations under the categorical approach in determining whether it was a felony or not. To the extent that you have to go there, I think if you look to determine what it is, a felony or a misdemeanor, once you answer that question, the analysis is over. That doesn't open the door to a free examination of all of the documents. But what do you say about the West Virginia Supreme Court of Appeals observation that there's no such thing as the crime of attempt untethered to the underlying substantive offense? Well, I mean, there is a separate crime of attempt. It carries a separate punishment, but it does Well, no, it's attempt to commit a felony is the offense, but there's no such crime in West Virginia known as the offense of felony. Well, that's correct, Your Honor. Right. So isn't the court saying you have to, and hasn't the court held, in fact, that you have to pay attention to the underlying substantive offense? Otherwise, it doesn't make any sense. The State Supreme Court has held that one of the elements of attempt is intent to commit the underlying felony. Right. So the underlying felony is an element of the crime, is it not? Under West Virginia law, it is. Our position is that because the statute isn't divisible, you don't get to the shepherds. Well, it wouldn't necessarily be divisible, would it not, if convictions under the statute sometimes have as an element drug distribution, other times have as an element burglary, other times have as an element robbery? Why wouldn't the statute be divisible? I don't think the statute would be divisible, Your Honor, because there's no definition. Those are not alternate means of committing crimes, which would be an argument in your favor if it existed, but those are different crimes. So how do you get around that? Certainly the underlying offenses are different crimes. Our argument would be that because they will all result in a conviction for attempt and a one-to-three-year sentence, that they are actually convicted of, and that is based on the language in the statute, which covers any person who attempts to commit an offense. Okay, but when a jury is charged in West Virginia with deciding a case, they're not told that you have an attempt to commit a felony or an attempt to commit a misdemeanor. They're telling you have to find, they're told you have to find a specific intent to commit the underlying substantive crime, don't they? Aren't they told that under the model jury instruction? Yes, Your Honor, that is one of the elements, one of the instructions of the jury. So the underlying crime is an element, and it can be wildly different depending on what the underlying crime is. Well, that's correct, Your Honor, and the issue is whether the court gets to examine the relevant documents to determine that. And our argument, our position is that you do not because the statute is not divisible, because if the statute's not divisible and the Supreme Court has said this again and again in Taylor, in Deschamps, and in Mathis, if the statute isn't divisible, you just don't go any further. Right, but if you don't have an offense without committing the underlying crime, okay, and there are hundreds of underlying crimes potentially, how could the statute not be divisible? Because there are none of the terms in the statute themselves are defined, and so we have to give them a broad meaning. It's not a situation like with Mathis where you have the term at issue is dwelling house, and there's another part of the statute that defines what dwelling house is, so we can look to that universe. An offense covers everything, certainly within West Virginia law, presumably perhaps municipal offenses in the state, maybe even federal offenses. There's no limitation on it. And so the question is whether you can get into a more fact-based analysis, and our position is that you cannot because courts are not allowed to look at a prior conviction and say, well, we're not sure what this is, therefore we get to go further, unless it is divisible. That part of the analysis just doesn't occur. See, I thought the distinction all boiled down to whether the statute describes alternative means of committing a crime as opposed to alternative elements. Isn't that what Justice Kagan, how she explained it? Well, that is true once you have a divisible statute. I think the issue in Mathis was where you had a statute that would, if the things that were listed were means, it was clearly divisible because it was one term then subdivided as A, B, C, or D. Right, but if you have different elements of crimes, you have to have different crimes, don't you, by definition? I think the underlying offenses are different, but the ultimate offense, the attempt, I do not think is different because they are all punished, although all attempts are punished the same way in West Virginia, unless there's, you mentioned robbery. Robbery actually has an attempt within the statute itself, so it gets punished like other robberies. Your idea is to solve this problem the way the government would like to enforce the sentencing would be to have West Virginia go back and rewrite their code and put attempt as an attempt crime in front of every possible criminal violation. In other words, have an attempt to distribute cocaine, attempt to distribute marijuana or amounts of those drugs, attempt to rob a bank, attempt at assault and battery. That would address your problem, wouldn't it? It would, Your Honor, but the State has chosen to... I understand, so you say the confluence of how the State set up the crime of attempt, although you have to look at it as an element to be proved, some other crime, that the confluence of West Virginia having done that and a Supreme Court decision is, Virginia, if you want to get where you thought you, West Virginia, you have to rewrite the code to add the word sawsaw crime of attempt to attempt and list separately everything in the criminal code. I think that would be true, Your Honor. I do, too. West Virginia is entitled to define their crimes however they want to without necessarily considering whether it... But apparently not, not if they wanted to have the full impact that perhaps they wanted to have or that it would have if they just worded it differently. Well, what I was going to say was that they're entitled to do it however they want without maybe relation to how it will affect the Federal. I suspect when they wrote that crime, they had no idea you'd be standing here making this argument about their crime in West Virginia. I will agree with that, Your Honor. What are the elements of an attempt in West Virginia? The instructions that are given to the jury are the intent to commit the underlying offense. Specific intent. Specific intent. And I can't remember if it's a substantial step specifically, but conduct that stops short of the offense. And what are the elements of a general, federally cognizable, generic offense of attempt? I am not certain about that, Your Honor. They're exactly the same. I will agree with that. Okay. So, for purposes of attempt, we have a generic offense of attempt that we can assess categorically, right? Assess categorically, yes. Yeah. Modified categorically, no. Right. Okay. So, we have the first step in the analysis, I submit, is we have the general offense of attempt, which seems to satisfy a generic Federal definition of an attempted offense. And then we go to the next step. So, we haven't gone to the modified categorical approach yet, right? Correct. It's categorical. Then we go to the next step, as Judge Keenan pointed out, and you agree, you have to look at the underlying offense, right? Well, that would be the disagreement, I think. You disagree that you have to look at, categorically, the underlying offense? Yes, because you don't get to the underlying offense unless it's a divisible statute. You have to use a modified statute. No, you just agreed with me, I thought, that the generic offense of attempt, under West Virginia law, matches the Federal generic offense of attempt. Two elements. I think that's probably true. Okay. So, we haven't gone modified categorical yet, right? Correct. So, we've gotten through the attempt threshold, right? Now, attempt to do what, is the next question. West Virginia law says you have to answer the question, attempt to do what? And so, now we look at the narcotics offense relevant to this case. Do we not? I would submit that you don't get that far, Your Honor. I'm not following you. You just agreed with me that we do get that far if, in fact, the general attempt statute is categorically generic Federal attempt. I don't. What's the problem there? I don't think the next step follows because the fact that West Virginia attempt and Federal attempt would match each other, only means that West Virginia attempts for a list of offenses would count. Exactly. But in order to determine what the list of offense is, you have to consult the Shepard documents. No, you don't. Well, of course you have to consult the judgment. The judgment here tells you what the underlying offense was. Doesn't it? I don't know, Your Honor. Yeah. An attempt to distribute, to deliver narcotics. I'm not certain. I'm not certain that that document's in the record, Your Honor. Okay. Well, we'll have you back up. Thank you. Thank you very much. Mr. Bushong? May it please the Court. Good morning. Miller Bushong on behalf of the United States. In our brief, we argued that the district court correctly found that the West Virginia attempt statute is divisible, and the court properly analyzed the statute using the modified categorical approach. The district court hung its hat on the fact that under the West Virginia attempt statute, there are alternative punishments listed. Is the punishment an element of an offense? Yes, Your Honor. A punishment? A punishment is an element. Is an element of a criminal offense? Yes, Your Honor. And I would cite . . . What treatise does that come from? I would cite both Apprendi and the Mathis case, which both state that if there is a fact that increases the punishment, that is an element that must be charged in the indictment and proven beyond a reasonable doubt. That's the holding of Apprendi, and that's . . . The punishment? The jury finds the punishment? The potential penalty.  Increased . . . Correct. . . . in the potential penalty . . . Correct. . . . is an element . . . Correct. . . . of an offense . . . Right. . . . that the jury must decide. Yes, Your Honor. That doesn't mean punishment is an element of every offense. No, I thought you meant in the context of an increased penalty, Your Honor. No, I'm asking you . . . Like a mandatory . . . You say the general attempt statute under West Virginia law is divisible, and you said because punishment is an element of the offense under the general attempt statute of West Virginia. So now you're not persisting in that view. I meant to say, Your Honor, as in Apprendi and as backed up by Mathis, a penalty that increases the punishment is an element. And I think Judge Keenan alluded to that earlier. So in other words, you're saying . . . I don't know what you're saying. That the status of an offense as a misdemeanor or a felony is itself an element of the offense? Juries aren't instructed on whether something is a misdemeanor or a felony. Jurors could care less. Jurors don't impose a sentence except in the Commonwealth and a few other states. My only point, Your Honor, is that, for example, in the drug context,  what the law is, is that there is a factual predicate that increases the punishment a person is to receive. That factual predicate is to be found by the jury. So in other words, did they . . . how many kilos of drugs were involved? That's what the jury finds. And then that factual predicate, having been found, tells you what the punishment range is. The punishment range in and of itself, I've never heard of that being an element. Perhaps I misstated you, Your Honor. My point is . . . What point does it make in this case? Isn't that what the district court looked to, the punishment? Well, the district court looked to the fact that in order to determine what crime is at issue, and to Judge Davis' point earlier, you have to decide whether it's a capital felony on the one hand, a felony less than a capital felony, or a misdemeanor. And the district court found that there's no way to do that. Isn't this what happened, instead of looking outside to look at what . . . to borrow from the offense or the element, perhaps, as Judge Keenan was describing? It struck me that the district court said, this attempt statute doesn't seem to fill out for me to know what I'm to do with it. But if I know how much time the person received, I can then figure out what the underlying conviction attempt was. Is that what the court did? Well . . . Maybe it did. That's what I thought the district court did. I think Mr. Burns suggests that what the court should have done is . . . No, I'm not saying what the court should have done. I'm asking what you . . . Is that what the court did? Well, the court . . . The court looked at the time received to try to then sort of backfill to figure out what the offense must have been? Perhaps, as an initial matter, the court may have done that to determine whether it's a felony. Because only if it's a felony are we going to analyze the statute in a career offender . . . But just getting to be a felony alone doesn't help you, does it? No. And that's what the district court . . . That's where the district court then went. The district court said, I have determined that it is, in fact, a felony. I know that because I looked at the underlying crime, as I'm required to do, under the definition of attempt in West Virginia. Once that is known, the defendant seems to be suggesting that the court should then just stop. As soon as we know it's a felony, put a period after it and then state that it's an attempt . . . And, therefore, it doesn't qualify as a controlled substance offense. That is contrary to the very definition of the statute itself. The West Virginia statute requires, by definition, that you consult the underlying crime. In this case, that's exactly what the district court did. Once that is known . . . And why must the federal court then look at the underlying crime? Why must the federal court at sentencing then look at the underlying crime? Well, the underlying crime is important for the enhancement. If it's not . . . Oh, no, I know why you want the court to, but I'm asking why, under the law, must we look at it? Because it's an element of the offense. And because the guidelines specifically state that aiding and abetting . . . Why do you say it's an element of the offense? I'm saying these . . . Why do you say that the underlying crime is an element of the attempt conviction? Because the Minai case, the West Virginia Supreme Court case in Minai, says that. And the Mathis case tells us that we can look to the Supreme Court precedent from the State at issue. And it also says that you can look at the statute itself. And that's back to Judge Davis' point. In this case, the district court looked at the statute and determined that because of the alternative punishments, because of the fact that it could be a capital crime, less than capital felony, or a misdemeanor . . . Looking at that doesn't make the . . . Looking at the different range of sentencing doesn't make the underlying crime an element, does it? But it makes the statute divisible. And that's the point that the district court relied on to get to, then, the modified categorical approach and to the Shepard documents. The crime of attempt, it does not exist as a stand-alone crime. It has to exist in relation to an underlying crime. And that's just basic common sense. And I think the district court got it right. And we'd ask the court to affirm. Do you have anything? Just very quickly. The general attempt statute, you say, is divisible. Divisibility analysis requires that we pay attention to the elements of the offense, not the means. Correct. Not the underlying factual manner in which the offense was committed. What are the elements of the crime of attempt in West Virginia? A specific intent to commit the underlying crime. And that's left undefined. Number two, an overt act which falls short of the commission of the crime. Okay. That strikes me as an indivisible statutory prohibition. You just listed the two elements. Then I would argue, Your Honor, if it's indivisible and there is no need to consult the modified categorical approach, you would simply turn to note one and note two in 4B1.2, which specifically state that attempt is contemplated as a controlled substance offense for purposes of career offender in the guideline. If you believe that the analysis, getting to modified categorical is not necessary and that we can just use the categorical approach, it seems to me that what you're suggesting is 4B1.2, note one and two, is absolutely correct. Is Mr. Byrne correct that the judgment in this case is not in the record, the underlying judgment of the? I think it is in the record. I think it's one of the Shepard documents. I'm sorry, go ahead. I believe it's one of the Shepard documents that the district court relied on, Your Honor. Okay. And what does that judgment show to be the offensive conviction? It states attempt to commit a felony to wit. To wit. Correct. Distribution of controlled substance. Controlled substance. Cocaine-based in this case. So you heard my approach, which is to first consider the attempt statute as a general generic statute and then to move on to the underlying substantive offense, which is divisible, which then permits consideration of Shepard-proof documents. Would you have a problem with that analysis? No, Your Honor. No, I don't, Your Honor. Okay. Do you have a preference? Do you want the statute to be indivisible or divisible? Well, according to my reading of the statute and I think the district court's and perhaps the Taylor, Deschamps, and his progeny would suggest that it is divisible because there are alternative elements. The West Virginia statute is not broad, as Mr. Burns suggests. It's very narrow. It's limited to whatever the underlying crime is. It's also divisible, it seems to me, based on my first point, which apparently I confused the court and I apologize for that. Mathis specifically states if there are alternative punishments, then those are elements and it's therefore divisible. Yeah, yeah, yeah. Mathis doesn't say any such thing. Anyway. Well, we're not done because it's interesting to me. But now if we look at the judgment, if we get to look at the judgment under attempt, do we? Do we? If we get to the Shepherd documents? No, no, no. I'm saying if we just look at attempt, we can look at the judgment. You say we can to pick up language. Conspiracy, I mean the distribution of drugs, too wet, cocaine. Okay. Then what do we do from there? Well, I think the judgment would tell you, are we talking about felonious conduct or a misdemeanor? It's already told you what it says in this case. Too wet, I think it says too wet. Correct. Conspiracy, I'm not conspiracy. Distribution of controlled substance or possession, I can't remember. Too wet, I think it says again, or namely cocaine. What do we do then? Then a district court would say this appears to qualify as a triggering offense under the career offender statute because it is a qualifying drug offense. So you wouldn't need to go any further. You wouldn't need any Shepherd documents. If the judgment order answers the question. Well, does it in this case? It does in this case, Your Honor. So this is where I'm kind of stuck. Then where do we go? We don't go any further. We just look at the statute of attempt and say we can see what the judgment says the attempt included, cocaine, known as the felony, then do you need any other Shepherd documents? Not necessarily. Go ahead. No, no, no. In fact, is the judgment of conviction actually a Shepherd document? Think about that for a second. Isn't that how we prove the existence of the conviction itself? It is one of the documents that sheds light on the underlying crime. Exactly. But do you agree with me that it's really not what the court was thinking about when it talked about Shepherd approved documents like guilty plea transcripts, plea agreements, and that kind of thing? I mean, the judgment of conviction is the judgment of conviction. It is the thing in law that establishes the conviction. That's true, Your Honor. That's not a Shepherd. I mean, it's a Shepherd approved document in a very loose sense of the word. But you always have to look at the judgment of conviction, don't you? For purposes of this enhancement in dealing with. For anything, even for a criminal history, the probation officer's got to get the judgment of conviction, right? Correct. But the judgment order, like perhaps the indictment and like perhaps a plea transcript, the approved Shepherd documents, do not delve into a factual analysis. It's more what element did the defendant plead to or what element was the defendant convicted at a trial? Yes. I think you and I are in greater agreement than maybe it appears. Okay. I apologize for my apparent mis- We're not sure if that's good or bad. That's certainly true. Yeah, but there's a difference, though. But there is the difference because you go to what we generally call Shepherd documents to see what we can glean when we're not sure about what happened. And I think what underlies what I ask about and what Judge Davis asked about is you don't have to go to see what underlies it because the document that's necessary. You know, the judgment is necessary itself. It's sort of like intrinsic, extrinsic evidence. It's necessary itself to understand what the conviction was. And so if it's a Shepherd-type document, it's maybe a sui generis-type document. Even more than the indictment. Yes, absolutely more than the indictment because you can be indicted through something and certainly plead a lot less. As a matter of fact, isn't that what happened in this case? Precisely. He was indicted for the substance of offense and pled guilty. That's right. Yeah. Okay. Thank you very much. Thank you. That was fun, wasn't it? Mr. Byrne, round two for you. On the issue of the judgment and looking to it, I think it's important to keep in mind there is a distinction between evidence that can be used to prove the fact of a prior conviction and evidence that can be evaluated in determining what that conviction was, whether it is a crime of violence or whatever. Well, why don't you pick up, though, where we left off when opposing counsel sat down with the position. Is the final judgment order a Shepherd document or not? And tell us why. I'm going to go ahead and say it is, Your Honors, because while it is a document, it's necessary to establish the fact of the conviction. That is separate and apart from a question of what the conviction actually is. And I think particularly in a case like this where there was no dispute that the conviction existed, no dispute that it was a felony, no dispute that it was an attempt, that the looking only to the judgment would be essentially consulting a Shepherd-style document. I'm sorry. Are you suggesting that there was a dispute over whether it was a narcotics offense? In terms of pure factual nature, no. This is a technical legal argument. I'll cop to that. I think everyone understands that the situation was, as Judge Shedd said, he was indicted on the substantive offense, he pleaded guilty to the attempt. And the way you know that is you look at the judgment. The judgment order does say attempt to commit a felony to wit, distribution of cocaine. It does, Your Honor. Okay, so. But to go back to our position, that isn't even an issue that can be evaluated if we're talking about a divisible statute. And what the district court did, and the probation office did the same thing, said, well, this is partially divisible because we have to figure out this punishment issue, which they really didn't, and then used that as a basis to jump into an examination of the Shepherd documents. See, but all you really needed to look at was the judgment, right? I can't agree that that would settle the issue. I'm sorry, you cannot agree? I cannot, because I think you can look to it to determine the existence of the conviction without looking to it to determine the substance of the nature of the conviction, because that's a separate analysis and would only happen if the statute was divisible. Wait, wait, wait, wait. I love the argument. I love the argument. So you're drawing a distinction between what you call the, quote, unquote, nature of the conviction versus the existence of the conviction. Yes, Your Honor. Help me out with that. There are prior decisions, I'm fairly certain, from this court that make a distinction between facts that are allowed to be used to prove the existence of a prior conviction, that then, because they're beyond the scope of a categorical analysis, would not be consulted when determining what that conviction was. Okay, I'm not sure I'm following you there. The judgment of conviction says, we've now said, I guess, for the fifth time, attempt to commit a felony to wit, that's the judgment of conviction. That's the offense. That's the thing for which he was convicted. He pled guilty. He was sentenced. He was sentenced for the attempt. He was not sentenced for the underlying. But the attempt doesn't exist under West Virginia law without reference to the specific felony. It just doesn't exist. We have a West Virginia Supreme Court of Appeals court telling us there's no such thing as an attempt in the abstract. I would agree with that, Your Honor. My only issue is whether you can look to those documents without the statute being visible. So it doesn't exist under the law, but we act like it exists? Well, it exists, but it exists in a universe that has other offenses. Oh, so it's in a parallel universe? I wish it was, Your Honor. Quantum physics. Quantum physics might agree with you, really. I was a history major, so I can't get into the physics. If there aren't any other questions, thank you, Your Honor. All right. Thank you very much. Thank you very much. Do you need a break? Do you need a break? No. We'll step down to great counsel and go to the final case for the day.
judges: Dennis W. Shedd, Barbara Milano Keenan, Andre M. Davis